**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DISABILITY RIGHTS OHIO,**

:

**Plaintiff,**

**v.**

**THE OHIO DEPARTMENT OF BEHAVIORAL HEALTH, *et al.*,**

:

**Defendants.**

**Case No. 2:25-cv-1169**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

# OPINION AND ORDER

In October 2025, Disability Rights Ohio ("DRO") sued the Ohio Department of Behavioral Health ("ODBH") and other entities and officials, seeking access to various medical and personnel records involving disabled individuals. (ECF No. 1.) The Court denied DRO's request for a temporary restraining order, scheduled a preliminary injunction hearing, and ordered the parties to mediate. (ECF No. 9.)

The parties reached a settlement during mediation, after which they filed a "Stipulation of Dismissal with Prejudice." (ECF Nos. 12, 21.) Therein, the parties "stipulate[d] to the voluntary dismissal of this action with prejudice" and "jointly request[ed] that the Court retain limited jurisdiction to resolve any disputes arising from the enforcement of" their settlement agreement. (ECF No. 21, PAGEID # 278.) Upon receipt of the Stipulation, the Clerk terminated the case.

Four months later, the parties sought a conference with the Court about a "procedural error" in the Stipulation—specifically, the parties "learned that they should have submitted a *motion* for voluntary dismissal" asking the Court to retain

jurisdiction over the case to resolve disputes about the settlement agreement. (ECF No. 22, PAGEID # 280 (emphasis added).) DRO now asks the Court, pursuant to Federal Rule of Civil Procedure 60(a), to enter an order nunc pro tunc amending the Stipulation to a motion for dismissal so that the Court may retain jurisdiction over the settlement. (Mot., ECF No. 25.) Neither ODBH nor the other Defendants responded to DRO's Motion.

Rule 60(a) permits courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The rule's basic purpose "is to authorize the court to correct errors that are mechanical in nature and that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (citation omitted). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court *changes its mind*[.]" *Id.* (citation omitted) (emphasis in original). The rule does not authorize a court to revisit its legal analysis or otherwise correct an "error[ ] of substantive judgment." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363 (6th Cir. 1990) (citation omitted). But a court may use the rule to "correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time[.]" *Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016) (citation omitted). Courts have "very wide latitude" to correct such clerical errors pursuant to Rule 60(a). *Hart v. Lutz*, 102 F. App'x 10, 12 (6th Cir. 2004) (citation omitted).

DRO argues that titling the dismissal as a stipulation (as opposed to a motion) amounts to a clerical error within the scope of Rule 60(a). (Mot., PAGEID # 283.) DRO contends that correcting this clerical error would "not change the substantive rights of the parties" but would "ensure[ ] the official record reflects the intent of the parties and Court." (*Id.*, PAGEID # 284.)

It is clear that the parties intended to seek the Court's retention of jurisdiction over their settlement—indeed, the Stipulation includes that very request. (ECF No. 21, PAGEID # 278.) Transforming the Stipulation into a motion, then, would correct the record to accurately reflect the parties' agreement. *Cf., e.g.*, *Carter v. Yellow Freight Sys., Inc.*, No. 2:01-CV-1230, 2006 WL 278408, at *7 (S.D. Ohio Feb. 3, 2006) (Holschuh, J.) (denying Rule 60(a) motion when "adding the requested language to the Stipulation would not reflect the true agreement of the parties"). Although counsel on both sides appear to have had mistaken understandings of the standards under which a court may retain jurisdiction over a settlement agreement after the filing of a self-executing stipulation of dismissal, *see, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994), that amounts to an erroneous oversight, and correction under Rule 60(a) to properly express the parties' intended request for the Court's retention of jurisdiction over the settlement is appropriate, particularly where Defendants have not opposed DRO's request.

DRO's Motion (ECF No. 25) is **GRANTED**. The Court **REOPENS** this action under Rule 60(a) to correct the Stipulation, nunc pro tunc, to replace "Stipulation

of" with "Motion for," leaving all other provisions of the original document unchanged. Considering the corrected Motion (ECF No. 21), the Court **GRANTS** the same, **DISMISSES** this case with prejudice, and hereby retains jurisdiction to enforce the terms of the parties' settlement agreement. The Clerk is **DIRECTED** to terminate this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**